UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| JACQUELINE LINDSEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.  1:06-CV-413 |
| | ) | |
| CONCORD BUYING GROUP d/b/a | ) | |
| A. J. WRIGHT, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

### I. INTRODUCTION

On November 1, 2007, the Plaintiff, Jacqueline Lindsey, filed a motion (Docket # 26) asking the Court to appoint her counsel in this case against her former employer, Concord Buying Group, wherein she alleges race discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et. seq*. The Court took the motion under advisement and issued a Questionnaire to the Plaintiff for her to complete and file. The completed Questionnaire was filed on December 3, 2007. (Docket # 28).

The Plaintiff reveals in the Questionnaire that she is employed and earns approximately $1,289.97 every month. (Questionnaire ¶ 1.) In addition, the Plaintiff indicates that she contacted four attorneys who refused to take her case. The Questionnaire is deficient, however, because she does not tell us when she contacted these attorneys or why they refused to take her case. (*See* Questionnaire "Contact List" attachment.) As far as we can tell, these attorneys, at least three of whom are experienced in employment discrimination cases, simply turned her down.

## II. BACKGROUND AND DISCUSSION

The Plaintiff filed her own *pro se* Complaint on December 28, 2006, and since then has been prosecuting the case on her own behalf and *in forma pauperis*. In that regard, she participated in a Rule 26(f) planning meeting, as well as a scheduling conference at which she articulated her claim under Title VII. In addition, she has initiated discovery by submitting Requests for the Production of Documents to the Defendant. (Docket # 21).

At the outset, it should be remembered that the Plaintiff does not have a right to court-appointed counsel. *See Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Rather, in the context of Title VII, 42 U.S.C. § 2000e-5(f)(1), district courts are empowered to appoint an attorney to represent a plaintiff without charge, "in such circumstances as the court may deem just." *See Jones v. WFYR Radio/RKO Gen.*, 626 F.2d 576, 577 (7th Cir. 1980), *overruled on other grounds by Randle v. Victor Welding Supply Co.*, 664 F.2d 1064 (7th Cir. 1981). The Seventh Circuit has enumerated three factors to be weighed by the district court when determining whether appointment of counsel is warranted: (1) the merits of the Title VII claim; (2) Plaintiff's own efforts to secure legal representation; and (3) Plaintiff's financial ability to retain private counsel. *See Darden v. Ill. Bell Tel. Co.*, 797 F.2d 497, 500-501 (7th Cir. 1986) (quoting *Jones*, 626 F.2d at 577). Although any one of these factors may be determinative, the court should consider all three factors to make a complete record. *Id*.

At present, it is difficult to assess the merits of the Plaintiff's claims, although it should be noted that three well-known employment counsel have chosen to pass up the opportunity to represent her and she has not told us why. A fair inference arises that these attorneys did not view her case as meritorious. Moreover, although it could be said that the Plaintiff made some minimal efforts to contact counsel, we do not know what efforts she undertook to actually secure

representation. More to the point, we do not know if any of these attorneys required a retainer, although it would be doubtful in a case such as this.

Of course, the merits of the Plaintiff's case will soon be addressed via the anticipated motion for summary judgment, presumably after the Plaintiff's deposition. Nonetheless, the Plaintiff seems to be fully capable of litigating her claims herself. After all, this appears to be a straightforward Title VII case, at least through what is left of discovery (*e.g.*, her deposition) as well as the summary judgment process. Indeed, the Plaintiff has knowledge of the legal process, as demonstrated by the motion and discovery practice to date, and she certainly has personal knowledge of much of the factual basis for her claims as she detailed in her Complaint. In short, the Plaintiff appears to be competent to represent herself, and it does not appear that appointing counsel will make a difference in the outcome. *See Zarnes*, 64 F.3d at 299

### III. CONCLUSION

Based on the foregoing, the Plaintiff's Motion for appointment of counsel (Docket # 26) is DENIED. If, however, the case proceeds to trial because the anticipated motion for summary judgment is denied, then the Plaintiff can renew her motion. In the meantime, the Plaintiff can continue in her efforts to secure her own counsel.

Enter for December 6, 2007.

S/Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge