IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| JACQUELINE LINDSEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. 1:06-CV-413 |
| | ) | |
| CONCORD BUYING GROUP, | ) | |
| D.B.A. A.J. WRIGHT, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the court on Defendant's Motion for Summary Judgment, filed on March 17, 2008. For the reasons set forth below, the motion is **GRANTED.** The Clerk of the Court is **ORDERED** to **DISMISS** this case with prejudice. The scheduling conference scheduled for May 22, 2008 at 12:30 p.m. is **VACATED.**

BACKGROUND

Plaintiff's *pro se* complaint alleges that Defendant, Concord Buying Group D.B.A. A.J. Wright ("A.J. Wright"), discriminated against Plaintiff on the basis of her race in violation of Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e-5). A.J. Wright, has moved for summary judgment on this claim.

A.J. Wright argues that Plaintiff's race discrimination claim should be dismissed because Plaintiff cannot establish a *prima*

1

*facie* case of discrimination and cannot establish that its legitimate business reason for terminating her is pretextual.

Plaintiff's motion was filed on March 17, 2008. Plaintiff also filed a notice pursuant to *Timms v. Frank*, 953 F.2d 281, 285-86 (7th Cir. 1992), on March 17, 2008. This notice explained the significance of a summary judgment motion, and warned Plaintiff that Defendant's factual assertions would be accepted by the Court as true unless she submits affidavits or other evidence contradicting Defendant's evidence. The notice also advised Plaintiff that her response was due 30 days from the date of Defendant's motion. Despite this notice, Plaintiff has opted not to file a response brief. Accordingly, this case will be ruled on summarily, without the benefit of a response from Plaintiff.

DISCUSSION

The standards that generally govern summary judgment motions are familiar. Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper only if it is demonstrated that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In other words, the record must reveal that no reasonable jury could find for the nonmovant. *Karazanos v. Navistar Int'l Transp. Corp.*, 948 F.2d 332, 335 (7th

2

Cir. 1991); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). In deciding a motion for summary judgment, a court must view all facts in the light most favorable to the nonmovant. *Anderson*, 477 U.S. at 255; *Nucor Corp. v. Aceros Y Maquilas De Occidente*, 28 F.3d 572, 583 (7th Cir. 1994).

The burden is upon the movant to identify those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits," if any, that the movant believes demonstrate an absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the movant has met this burden, the nonmovant may not rest upon mere allegations but "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Becker v. Tenenbaum-Hill Assocs., Inc.*, 914 F.2d 107, 110 (7th Cir. 1990); *Schroeder v. Lufthansa German Airlines*, 875 F.2d 613, 620 (7th Cir. 1989). "Whether a fact is material depends on the substantive law underlying a particular claim and 'only disputes over facts that *might affect the outcome* of the suit under governing law will properly preclude the entry of summary judgment.'" *Walter v. Fiorenzo*, 840 F.2d 427, 434 (7th Cir. 1988) (citing *Anderson*, 477 U.S. at 248).

"[A] party who bears the burden of proof on a particular issue may not rest on its pleading, but must affirmatively demonstrate, by specific factual allegations, that there is a *genuine* issue of

3

material fact which requires trial." *Beard v. Whitley County REMC*, 840 F.2d 405, 410 (7th Cir. 1988) (emphasis in original); *see also Hickey v. A.E. Staley Mfg.*, 995 F.2d 1385, 1391 (7th Cir. 1993). Therefore, if a party fails to establish the existence of an essential element on which the party bears the burden of proof at trial, summary judgment will be appropriate.  In this situation, there can be "'no genuine issue as to any material fact', since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  *Celotex*, 477 U.S. at 323.

Facts

In determining what facts this Court should rely upon in ruling on the instant summary judgment motion, this Court considers the requirements of Local Rule 56.1.  This Rule requires the party seeking summary judgment to include a statement of material facts in the memorandum or appendix accompanying his summary judgment motion with appropriate citations.  This Rule also provides that the party responding to a motion for summary judgment must include a statement of genuine issues together with appropriate citations. Failure to do so results in the Court accepting as true all properly supported facts presented in the moving party's statement of material facts.  N.D. Ind. L.R. 56.1.  As Plaintiff has not responded, this Court assumes that the facts as claimed by the moving party and supported by admissible evidence are admitted to

4

exist without controversy. N.D. Ind. L.R. 56.1(b). This Court has reviewed Defendant's statement of material facts and finds that, with rare exception, they are adequately supported with appropriate citations to admissible evidence. Therefore, these facts are deemed true for purposes of this motion. Defendant's statement of material facts is approximately 14 pages in length and this Court need not restate each and every fact that is deemed admitted in this order. With the exception of the following brief summary of the facts, only those facts that are pivotal in resolving the instant motion are included in this order.

In August 2004, A.J. Wright hired Lindsey as a Merchandising Associate in its Fort Wayne, Indiana store. Shortly thereafter, she was promoted to Merchandise Coordinator. Seven months later, she was promoted again to a Key Carrier position, despite knowledge that she had been convicted of felony theft while employed as an Assistant Store Manager at Naturalizer Shoes. Although there are no complaints about her job performance, Lindsey's actions in September 2005 ultimately resulted in her termination.

In September 2005, Lead Store Detective Chris Campos ("Campos") observed Lindsey (1) marking down purses without authorization in order to purchase them below their correct retail price; and (2) receiving a "free bagged" bottle of cologne (meaning she failed to pay for the cologne at the cashier station).

As a result, Compos conducted an investigation. This included a review of a video surveillance tape documenting the incident, and a review of the sales receipts for the transactions.

5

After conducting his investigation, Campos concluded that Lindsey purchased purses marked down lower than they should have been on two occasions, and received "free bagged" cologne on one occasion. These findings were presented to the District Loss Prevention Manager, Kenny Hayes ("Hayes"), who concurred with Campos that Lindsey should be interviewed regarding her actions.

Prior to interviewing Lindsey, Belinda King ("King") was interviewed regarding the questionable transaction she conducted with Lindsey. King admitted that she "free bagged" cologne for Lindsey. King was terminated for her conduct.

After the interview with King, Lindsey was interviewed with Hayes, Compos, Lead Investigator Barbara Ross ("Ross") and Store Manager Nimtz ("Nimtz") present. As a result of the interview, Lindsey submitted a written statement that: (1) she "unknowingly" accepted the cologne without paying for it; and (2) she marked down the purses without authorization. Lindsey also signed a Loss Prevention Data Sheet admitting "to the theft of merchandise from A.J. Wright" and signed a promissory note promising to reimburse A.J. Wright. As a result of the investigation and interviews, A.J. Wright terminated Lindsey's employment for theft.

Plaintiff's Title VII Claim for Race Discrimination

Defendant argues that Plaintiff's Title VII claim should be dismissed because the facts show the absence of race discrimination. Title VII makes it "an unlawful employment practice for an employer . . . to fail or refuse to hire or to

6

discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, privileges or employment, because of such individual's race, color, religion, sex, or national origin . . . ."  42 U.S.C. § 2000e-2(a)(1).

A plaintiff may avoid summary judgment by presenting either direct or indirect evidence that they have been discriminated against.  *Mills v. Health Care Serv. Corp.*, 171 F.3d 450, 454 (7th Cir. 1999).  Direct evidence includes allegations that if believed will prove a particular fact in question without relying on inferences or presumptions.  *Id.*

Plaintiff has not alleged any direct evidence of discrimination by Defendant, and must therefore utilize the indirect, burden-shifting method established in *McDonnell Douglas v. Green*, 411 U.S. 792 (1973).  Under the indirect method:

> [A] plaintiff must establish, by a preponderance of the evidence, a prima facie case of discrimination.  If the plaintiff makes out a prima facie case, a presumption of discrimination arises, and the burden shifts to the defendant to come forward with evidence of a 'legitimate, nondiscriminatory reason' for discharging the plaintiff. Finally, 'the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.

*Adreani v. First Colonial Bankshares Corp.,* 154 F.3d 389, 394 (7th Cir. 1998) (quoting *Testerman v. EDS Technical Prods. Corp.*, 98 F.3d 297, 302-03 (7th Cir. 1996); *see McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

Under the *McDonnell Douglas* framework, a plaintiff must first establish a *prima facie* case of discrimination by presenting evidence that: (1) she was a member of a protected class; (2) she was qualified for the job in question or was meeting the employer's legitimate performance expectations; (3) she suffered an adverse employment action; and (4) the employer treated other similarly situated employees outside the class more favorably.  *Foster v. Arthur Andersen, LLP,* 168 F.3d 1029, 1035 (7th Cir. 1999).

If a plaintiff proves a *prima facie* case of discrimination, the burden shifts to the defendant to produce evidence of a nondiscriminatory reason for its actions. *Curry v. Menard, Inc.*, 270 F.3d 473, 477 (7th Cir. 2001).  If the defendant does so, the presumption of discrimination established by the *prima facie* case dissolves, and the plaintiff may attempt to demonstrate the reason proffered by the defendant was pretextual.  *Id.*  The ultimate burden of persuading the trier of fact that discriminatory animus caused her dismissal rests at all times with the plaintiff. *Gonzalez v. Ingersoll Milling Machine Co.*, 133 F.3d 1025, 1032 (7th Cir. 1998).

Plaintiff's race discrimination claim must fail on summary judgment because she has failed to respond to the instant motion, and has therefore not fulfilled her burden of demonstrating that she can fulfill the requirements of a *prima facie* case.  The Defendant has produced evidence demonstrating that the Plaintiff was not meeting her employer's legitimate expectations, and has alleged that Plaintiff can not demonstrate that similarly situated

8

employees outside the protected class were treated more favorably. Plaintiff has failed to offer any evidence to the contrary.

The uncontested facts in this case show that Plaintiff committed theft against Defendant. Theft is a legitimate, non-discriminatory reason for terminating an employee. *See Adams v. Wal-Mart Stores, Inc.*, 324 F.3d 935, 940 (7th Cir. 2003). To survive summary judgment, the Plaintiff must show not only that she did not commit the theft, but that the employer did not genuinely believe that she had committed the theft. *Id.* Plaintiff has made no such showing here.

Furthermore, Plaintiff has not shown that similarly situated employees were treated more favorably than her. A similarly situated employee is one who is "directly comparable ... in all material respects." *Atanus v. Perry*, No. 07-1430, 2008 WL 696908, at *7 (7th Cir. March 17, 2008). Although Defendant's statement of material facts addresses several individuals who Lindsey might allege are similarly situated to her, Lindsey has not filed a response, and therefore has not indicated which of these individuals she believes is similarly situated to her. This Court will not make Lindsey's argument for her. *Vaughn v. King*, 167 F.3d 347, 354 (7th Cir. 1999)("It is not the responsibility of this court to make arguments for the parties."). Furthermore, even if Lindsey had made such a showing, it would not affect the outcome of this case, as she has failed to show she was meeting her employer's legitimate expectations.

Where a plaintiff fails to establish a *prima facie* case of

9

discrimination, the court need not analyze the issue of pretext. *See Cowan v. Glenbrook Security Servs., Inc.*, 123 F.3d 438, 445 (7th Cir. 1997) ("We need not reach the issue of pretext, as plaintiff has failed to state a *prima facie* case of discriminatory discharge under *McDonnell Douglas*."). However, even if this Court had examined the pretext issue, due to Plaintiff's failure to respond, the instant motion would be granted, as she has produced no evidence whatsoever of pretext.

CONCLUSION

For the reasons set forth above, the motion is **GRANTED.** The Clerk of the Court is **ORDERED** to **DISMISS** this case with prejudice. The scheduling conference scheduled for May 22, 2008 at 12:30 p.m. is **VACATED.**

**DATED: May 14, 2008**                               /S/RUDY LOZANO, Judge
                                              **United States District Court**

10